NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ALLAN CLARK, | No. 16-15612 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-00585-KJD-PAL |
| v. | |
| DWIGHT NEVEN, Warden and ATTORNEY GENERAL OF THE STATE OF NEVADA | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted August 10, 2017**
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and GILLIAM,*** District
Judge.

Michael Allan Clark appeals from the denial of his petition for a writ of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Haywood S. Gilliam, Jr., United States District Judge
for the Northern District of California, sitting by designation.

habeas corpus under 28 U.S.C. § 2254(d). Clark challenges his state convictions for sexual assault of a minor under the age of 16 and preventing or dissuading a person from testifying or producing evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's denial.

1.      The district court issued a certificate of appealability on the issue of whether "the trial court erred in not allowing Clark himself (rather than his attorneys) to use his last peremptory challenge to remove a prospective juror, later known as Juror 9, because that person said that he would need to hear Clark's testimony." Clark does not address this issue on appeal, but instead reframes this issue as a challenge to the trial court's failure to dismiss the juror for cause. Clark's challenge to the trial court's failure to dismiss the juror for cause is outside the scope of the certificate of appealability, and was not raised before the trial court. Nor has Clark "made a substantial showing of the denial of a constitutional right" that warrants expanding the certificate of appealability. *Andrews v. Davis*, – F.3d –, No. 09-99012, 2017 WL 3255161, at \*28 (9th Cir. Aug. 1, 2017). Accordingly, we lack jurisdiction to consider the for-cause challenge. *Id.*

Even reviewing the claim actually certified for appeal, we find that the Nevada Supreme Court reasonably denied Clark's claim that the trial court violated his Sixth Amendment right to an impartial jury by refusing to allow him to challenge Juror 9. Clark had no right to *sua sponte* challenge a prospective juror

2

for bias or otherwise override his counsel's trial strategy during voir dire. *See*

*McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("A defendant does not have a

constitutional right to choreograph special appearances by counsel."); *see also*

*Jones v. Barnes*, 463 U.S. 745, 751 (1983) (represented defendants retain "ultimate

authority" over discrete, "fundamental decisions" such as "whether to plead guilty,

waive a jury, testify in his or her own behalf, or take an appeal") (citing

*Wainwright v. Sykes*, 433 U.S. 72, 93 & n.1 (1977) (Burger, C.J., concurring)).

2.      Clark contends that the Nevada Supreme Court unreasonably applied

clearly established federal law and unreasonably determined the facts in denying

his ineffective assistance of counsel claim based on his trial counsel's decision not

to challenge Juror 9. Clark points out that the Nevada Supreme Court inaccurately

stated that trial counsel used the last peremptory to challenge a prospective juror

whose family member was the victim of a crime, when counsel actually declined to

use the last peremptory to challenge Juror 9 because the next prospective juror had

such a family member. But even if we assume this factual error formed the basis

of the state court's opinion and apply de novo review, *cf. Maxwell v. Roe*, 628 F.3d

486, 506 (9th Cir. 2010), Clark still fails to establish that his counsel's

performance was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984).

The voir dire transcript confirms that Juror 9 had been properly rehabilitated when

3

he stated that he would not penalize Clark should he not testify at trial.[1]  Moreover, had counsel used the last peremptory to challenge the juror, the next prospective juror—whose family member was a victim of sexual assault—likely would have been empaneled.  Counsel's decision was therefore a reasonable tactical choice. *See United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981) (finding that a difference of opinion in trial strategy does not constitute ineffective assistance of counsel).  Accordingly, Clark fails to establish, even under de novo review, that his counsel's performance was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984).

3.    The Nevada Supreme Court's denial of Clark's ineffective assistance claim based on his appellate counsel's decision not to raise the biased juror issue on direct appeal also was not contrary to or an unreasonable application of *Strickland*.  Such decisions are "virtually unchallengeable" since counsel must make strategic determinations about the strength of myriad appellate arguments. *Strickland*, 466 U.S. at 690; *see also Jones*, 463 U.S. at 750–54.

---

[1] We assume, without deciding, that we may review the trial transcript despite the Nevada Supreme Court's explanation that "Clark failed to include a transcript of the jury selection proceeding" on appeal, requiring it to rely instead on other parts of the trial transcript.  *See Cullen v. Pinholster*, 563 U.S. 170, 180–87 (2011) (limiting habeas review to the record before the state court).  *But see McDaniels v. Kirkland*, 813 F.3d 770, 780 (9th Cir. 2015) (en banc) ("Federal courts sitting in habeas may consider the entire state-court record, not merely those materials that were presented to state appellate courts.").

4.      The record establishes that the trial court adequately inquired into any potential conflicts between Clark and his trial counsel. *See Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir. 2008) (en banc) (holding that a court has "a duty to inquire into the problems with counsel when they were first raised"). Clark never raised more than disagreements over strategy. The Nevada Supreme Court's denial, therefore, was neither contrary to nor an unreasonable application of federal law. *See id.*

5.      The Nevada Supreme Court's denial of Clark's ineffective assistance claim against his trial counsel for failing to call a defense witness also was not contrary to or an unreasonable application of *Strickland*. Clark's trial counsel made a strategic decision not to introduce the testimony of Peggy Morris, and that choice was reasonable based on counsel's determination that she had difficulty communicating and understanding. *See Jones*, 463 U.S. at 751.

6.      Similarly, the Nevada Supreme Court did not err in concluding that Clark's due process rights were not violated when the trial court refused to hold an evidentiary hearing as to Ms. Morris's competency, and excluded her out-of-court statements. Because Clark's counsel had conceded that Ms. Morris had difficulty communicating and understanding, the trial court reasonably concluded that any out-of-court statement from her would be unreliable, and therefore inadmissible hearsay. *Montana v. Egelhoff*, 518 U.S. 37, 42–43 (1996) (holding that the

5

exclusion of even relevant evidence does not violate due process unless it implicates a "fundamental principle of justice"); *Taylor v. Illinois*, 484 U.S. 400, 410 (1988) (defendant does not have an "unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence").

7. Viewing the evidence in the light most favorable to the prosecution, the Nevada Supreme Court did not unreasonably determine that there was sufficient evidence to establish Clark's guilt beyond a reasonable doubt. *See* Nev. Rev. Stat. §§ 200.364, 200.366. The government introduced testimony from the victim that Clark grabbed her wrists, threw her on the bed, performed oral sex on her, and had intercourse with her without her consent. DNA consistent with Clark's was also found on her neck and breasts. To the extent there was any conflicting evidence, it is within the province of the jury "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

8. "In some cases, although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant." *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996) (citation omitted). Here, however, we find that the Nevada Supreme Court did not err in determining that no error, considered either

6

individually or cumulatively, required reversal.

Accordingly, we affirm the district court's denial of Clark's 28 U.S.C. § 2254 petition for a writ of habeas corpus.

**AFFIRMED**.